**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
MR. MAURICE GAY,              :
                              :   CIVIL ACTION NO. 11-366 (MLC)
            Plaintiff,        :
                              :
      v.                      :        O P I N I O N
                              :
MR. BARTKOWSKI,               :
                              :
            Defendant.        :
_____:
```

**COOPER, District Judge**

Plaintiff, a prisoner confined at New Jersey State Prison, seeks to bring this action in forma pauperis under 42 U.S.C. § 1983 for alleged violations of constitutional rights.  This action was administratively terminated because Plaintiff's application for leave to proceed in forma pauperis was deficient. Plaintiff has now submitted a new application that is complete. Therefore, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will re-open this action, grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and file the Complaint.  The Court must now review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from the
Complaint and accepted as true for purposes of this review.
Plaintiff alleges that the water in his cell is sometimes cut off
because of another prisoner's misuse of the water.  He alleges
that he has been asking "the Administration" to move him to
another cell for two years, but that his request has not been
complied with, nor has the water "problem" been fixed.  The only
named defendant is Administrator Mr. Bartkowski.  Plaintiff seeks
compensatory damages.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

The Court must dismiss, at the earliest practicable time,
prisoner actions that are frivolous, malicious, fail to state a
claim, or seek monetary relief from a defendant who is immune
from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis
actions); 28 U.S.C. § 1915A (actions in which prisoner seeks
redress from a governmental defendant); 42 U.S.C. § 1997e
(prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them

2

in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see Papasan v. Allain</u>, 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level ...

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  Furthermore:

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking <u>Twombly</u> and the Court's contemporaneous opinion in <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (2007), together, we understand the

> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.   Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.   We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)

(citations omitted).

When assessing the sufficiency of any civil complaint, a

court must distinguish factual contentions -- which allege

behavior on the part of the defendant that, if true, would satisfy

one or more elements of the claim asserted -- and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere

conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009).  A court must assume the veracity of the facts asserted

in a complaint, but is "not bound to accept as true a legal

conclusion couched as a factual allegation." Id. at 1950.  Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, . . . district courts should
> conduct a two-part analysis.  First, the factual and
> legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's
> well-pleaded facts as true, but may disregard any legal
> conclusions.  Second, a District Court must then
> determine whether the facts alleged in the complaint
> are sufficient to show that the plaintiff has a

4

"plausible claim for relief."  In other words, a
complaint must do more than allege the plaintiff's
entitlement to relief.  A complaint has to "show" such
an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d
at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>,
"[w]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct,
the complaint has alleged-but it has not
'show[n]'-'that the pleader is entitled to relief.'"
This "plausibility" determination will be "a
context-specific task that requires the reviewing court
to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

Rule 10(b) of the Federal Rules of Civil Procedure provides:

A party must state its claims ... in numbered
paragraphs, each limited as far as practicable to a
single set of circumstances.  ...  If doing so would
promote clarity, each claim founded on a separate
transaction or occurrence ... must be stated in a
separate count or defense.

## III.   SECTION 1983 ACTIONS

To state a claim for relief under § 1983, a plaintiff must

allege that a person acting under color of state law committed or

caused a violation of a right secured by the Constitution or laws

of the United States.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988);

<u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under

§ 1983 solely on a theory of <u>respondeat</u> <u>superior</u>.  <u>See</u> <u>City of</u>

<u>Okla. City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v.</u>

<u>Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91, 694 (1978) (liability

attaches only "when execution of a government's policy or custom,

5

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

A § 1983 action brought against a person in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55.  "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotations and citations omitted).

Plaintiff here alleges that he has made certain requests to the "Administration," but he does not allege that Administrator

6

Bartkowski was personally aware of his requests or that
Administrator Bartkowski personally denied his requests.
Accordingly, it appears that Plaintiff is suing Administrator
Bartkowski based solely upon an untenable theory of vicarious
liability.  The Complaint, therefore, fails to state a claim
against Administrator Bartkowski.

## IV.  ANALYSIS

The Eighth Amendment to the United States Constitution,
applicable to the individual states through the Fourteenth
Amendment, prohibits the states from inflicting "cruel and
unusual punishments" on those convicted of crimes.  Rhodes v.
Chapman, 452 U.S. 337, 344-46 (1981).  This proscription against
cruel and unusual punishments is violated by the "unnecessary and
wanton infliction of pain contrary to contemporary standards of
decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  The
"treatment a prisoner receives in prison and the conditions under
which he is confined are subject to scrutiny under the Eighth
Amendment."  Id. at 31.

To state a claim under the Eighth Amendment, an inmate must
allege both an objective and a subjective component.  Wilson v.
Seiter, 501 U.S. 294, 298 (1991).  The objective component
mandates that "only those deprivations denying 'the minimal
civilized measure of life's necessities' ... are sufficiently
grave to form the basis of an Eighth Amendment violation."

7

<u>Helling v. McKinney</u>, 509 U.S. at 32 (quoting <u>Rhodes</u>, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  <u>See Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994); <u>Wilson</u>, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety.  <u>Rhodes</u>, 452 U.S. at 347-48; <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons."  <u>Rhodes</u>, 452 U.S. at 349.  To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society.  <u>Id.</u> at 347.  An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and

8

"acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." <u>Ingalls v. Florio</u>, 968 F.Supp. 193, 198 (D.N.J. 1997).

Plaintiff's allegations concerning water cutoffs fail to allege a deprivation of "the minimal civilized measure of life's necessities" with respect to his water needs.  For example, he does not describe the frequency or length of the alleged water cutoffs.  In addition, he has failed to allege that the sole defendant, Administrator Bartkowski, had any personal knowledge of the alleged water cutoffs or any personal responsibility for the alleged failure to respond to the complaints about them.  In the absence of such basic facts, the Complaint fails to state a claim for an Eighth Amendment violation.

## V. CONCLUSION

The Complaint will be dismissed for failure to state a claim.  The Court will issue an appropriate order and judgment.

                              s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge

Dated:  March 16, 2012

9